

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 8, 1951

Hon. W. L. Powell                Opinion No. V-1338
County Auditor
Jim Wells County                 Re: Obligation of one county
Alice, Texas                         to share in the salary of
                                     a secretary for the dis-
                                     trict attorney when the
                                     three other counties in
                                     the judicial district have
Dear Sir:                            undertaken their shares.

Your request for an opinion reads as follows:

"The Commissioners Court of Jim Wells County, Texas has requested this office to ask for an opinion from your department on the following:

'Is Jim Wells County automatically bound to pay its pro-rata share of the salary of the Secretary to the District Attorney when said salary has been approved by the combined majority of the commissioners courts comprising his Judicial district.'

"The facts surrounding this request are as follows:

"In July of this year, Jim Wells County received a request from the district attorney for approval of its pro-rata share of the salary of his stenographer which had been authorized by an act of the last legislature. The budget for 1952 was then being prepared and the request was incorporated therein. The 1952 budget was adopted in September and the salary of the stenographer was authorized to begin on January 1, 1952.

"A request similar to the one submitted to Jim Wells County was also submitted to the Commissioners Court of the

other three counties comprising his
Judicial district and these other courts
authorized the payment of the salary
to begin on September 1, 1951.

"This office now has a letter from
the District Attorney which expresses
the opinion that, inasmuch as the salary
has been approved by three of the four
counties comprising his Judicial dis-
trict, Jim Wells County is automatical-
ly bound by the action of the majority
of the commissioners courts and should
begin paying its pro-rata share of the
salary on September 1, 1951 rather than
on January 1, 1952."

The 79th Judicial District is composed of
the counties of Starr, Brooks, Duval, and Jim Wells.
Art. 199 (79), V.C.S.

Senate Bill 212, Acts 52nd Leg., R.S. 1951,
ch. 365, p. 617 (codified as Article 326-K-19, V.C.S.)
provides:

"Section 1.   Any district attorney
in the State of Texas in a judicial dis-
trict containing two (2) or more counties
is authorized to employ a stenographer or
clerk who shall receive a salary not to
exceed Twenty-four Hundred ($2,400.00)
Dollars per annum, to be fixed by the dis-
trict attorney and approved by the com-
bined majority of the Commissioners Courts
of the counties composing his judicial
district.  The salary of such stenographer
or clerk provided for in this Act shall
be paid monthly by the Commissioners Court
of each county composing the judicial dis-
trict, pro-rated apportionately to the
population of the county."

It was held in Attorney General's Opinion
V-1314 (1951) that it was mandatory that a stenograph-
er or clerk employed by a district attorney under the
provisions of Senate Bill 212 be paid a reasonable
salary not to exceed $2400.00 per annum.

The prerequisites for payment of the salary of such stenographer or clerk are that the salary be fixed by the district attorney and approved by the "combined majority of the commissioners courts of the counties composing his Judicial District." Since the salary has been fixed by the district attorney of the 79th Judicial District and has been approved by the combined majority of the commissioners courts of the Counties of Starr, Brooks, Duval, and Jim Wells, it is mandatory that such salary "be paid monthly by the commissioners' court of each county composing the Judicial District pro-rated apportionately to the population of the county." Under the facts set out in your request, Jim Wells County is required to pay its pro-rata part of the salary from September 1, 1951.

## SUMMARY

Under the provisions of Senate Bill 212, Acts 52nd Leg., R.S. 1951, ch. 365, p. 517, authorizing the district attorney in certain judicial districts to appoint a stenographer or clerk, it is mandatory that the salary which has been fixed by the district attorney and approved by the combined majority of the commissioners' courts be paid monthly by the commissioners' court of each county composing the judicial district, pro-rated according to the population of the county.

APPROVED:

J. C. Davis
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mh

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant